■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THOMAS J. RILEY, JR., Appellant.— MEMORANDUM BY THE COURT. Substantially, the same issues are raised on this appeal from a judgment of conviction, based upon the defendant's plea of guilty, as were argued and decided in *People* v. *Nicholson* (15 A D 2d 613, affd. 11 N Y 2d 1067). Judgment affirmed. Herlihy, J. P., Aulisi, Staley, Jr., Cooke and Greenblott, JJ., concur in memorandum by the court.

■ MARGARET T. CASEY, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 43506.) — HERLIHY, J. Appeal by the State from a judgment of the Court of Claims. The State seeks to set aside the judgment because the trial court allegedly erred in admitting two pretaking appraisals in evidence. The State concedes that if the admission of the evidence was error, it will not affect the judgment unless prejudicial to the State. The decision of the trial court states that the court " disregarded any evidence of value contained " in the disputed appraisals and based its decision on the other evidence in the record. Since the admission of the disputed appraisals in the present action did not result in any prejudice to the State, it is unnecessary to pass upon the question of their admissibility in evidence. (See *Lieberthal* v. *State of New York*, 22 A D 2d 831, 833, affd. 16 N Y 2d 1012.) We note that the attempt to lay a foundation for the evidence was somewhat prolonged and confusing in that it continued both before and after the admission of the exhibits in evidence and it would appear that there were different and possibly conflicting reasons for the admission of the appraisals. In view of the record as a whole and the statement by the court as to the appraisals, we need not decide whether it was error to admit the exhibits in evidence. Judgment affirmed, with costs. Gibson, P. J., Herlihy, Reynolds, Cooke and Greenblott, JJ., concur in memorandum by Herlihy, J.